# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY a/s/o GEORGE & GRACE CAPRIOLA, | CIVIL ACTION NO. 3:04-CV-0578 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| FEDERAL PACIFIC ELECTRIC COMPANY and RELIANCE ELECTRIC COMPANY, | |
| Defendants. | |

## **MEMORANDUM**

Before me is Defendants', Federal Pacific Electric Company and Reliance Electric Company, Motion for Summary Judgment. (Doc. 18.) The motion is based on two grounds: 1) that Plaintiff, Allstate Insurance Company ("Allstate"), cannot sustain its burden of proving that the electric toe space heater alleged to have caused the fire to their insured's ("George and Grace Capriola") home was manufactured by Federal Pacific Electric Company ("FPE") and 2) that Allstate destroyed the home and therefore the thermostats which governed the space heater, so as to be guilty of spoliation, to the extend that summary judgment should be granted to FPE.

Because there is sufficient evidence identifying the heater as one manufactured by FPE so as to present a genuine issue of material fact, and because the destruction of the home, and, therefore the thermostats, does not warrant dismissal, the motion will be denied.

## BACKGROUND

On January 2, 2002, the Capriola's summer home in Lake Harmony, Pennsylvania was destroyed by fire. Fortunately no one was injured, but the Capriolas suffered extreme damage to their real and personal property. On the day of the fire, Aloysius P. Klitsch, the Chief of the Lake Harmony Fire Department, went to the scene to determine the cause and origin of the fire. He determined that the toe space heater in the kitchen was the cause of the fire. He removed the heater from the home on the day of the fire and, in the process, disconnected the wires from the space heater. On January 5, 2002, Chief Klitsch turned over the space heater to Plaintiff's investigator. A second space heater was taken from the laundry room on January 5, 2002. More wires were cut in removing the second space heater from the home. On February 8, 2002, Carl Natale, FPE's fire origin and cause investigator was permitted to conduct an investigation of the Capriola home.

The space heater from the laundry room can be identified by labels as having been manufactured by FPE. Although the space heater from the kitchen contains no markings, from my inspection at the time of oral argument, it is apparent the configuration of the two heaters are virtually the same, as are the frames, including the size, the location and number of holes and the location of the main electrical cable to each space heater.

Ultimately, Plaintiff caused the destruction of the remains of the house.

## STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

2

as a matter of law." FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or non-existence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one.  *See id.* at 248.   An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: 1) there is no genuine issue of material fact; and 2) she is entitled to judgment as a matter of law.  *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d Ed. 1983).  All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party.  *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial *Celotex* burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Id.* at 325.  *See also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).  There is no requirement that the moving party

support its motion with affidavits or other similar materials *negating* the opponent's claim. *See Celotex,* 477 U.S. at 322. In such a situation, there can be no genuine issue of material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-57. The court need not accept mere conclusory allegations or denials taken from the pleadings. *See Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

**1. The issue of identity of the manufacturers of the toe space heater.**

FPE argues that the Plaintiff cannot meet its burden of presenting enough evidence to establish that whether FPE is the manufacturer of the space heater is a genuine issue of material fact. FPE points to the lack of identifying labels or marks; the fact that FPE has never had a complaint about one of its space heaters being implicated in a fire; the fact that these space heaters were only manufactured from 1968 to 1973, whereas the Capriola home was constructed in 1984 or 1985; the fact that their were no receipts; that the space heater was similar to those of other manufacturers; and, that two, one page instructions from FPE dealing with the installation of its toe space heaters found in the files of Mr. Capriola's

deceased father were inconclusive.

The following analysis leads to the conclusion that this issue is one of material fact. On observation, the subject space heater and the FPE space heater from the laundry room are virtually identical in size, configuration, number and location of holes, and location of the main electrical cable. Two, one page instruction sheets regarding the installation of FPE toe space heaters were found in Mr. Capriola's deceased father's file dealing with the construction of the home. This raises the legitimate inference a jury might draw that one was for the space heater in the kitchen and other for the space heater in the laundry room.

Therefore I find that viewing the evidence in the light most favorable to Plaintiff, there are genuine issues of material fact from which a jury could find that the space heater in question was manufactured by FPE.

**2. Spoliation**.

In *Schmid v. Electric Tool Corp.*, 13 F.3d 76 (3d Cir. 1994), the United States Court of Appeals for the Third Circuit established the considerations for determining whether to grant sanctions in the case of the claimed destruction of evidence, namely, 1) the degree of fault of the party who destroyed or altered the evidence and 2) the degree of prejudice suffered by the opposing party. *Id* at 79. It is a matter ultimately left to the discretion of the court. *Id.* This discretion should be exercised with a view to choosing "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim." *Id*. (quoting Jamie S. Gorelick, Steven Marzen and Lawrence Solum, *Destruction of Evidence*, §2.1, §3.16 (1989)). The sanction of dismissal is "drastic" and a "last resort" only "if no alternative remedy by way of a lesser, but equally efficient sanction

5

is available." *Baliotis v. McNeil*, 870 F. Supp 1285, 1289 (M.D. Pa. 1994) (citing *Capellupo v. FMC Corp.*, 126 F.R.D. 545, 552 (D. Minn. 1989)).

### A. Fault

On the basis of the record as it now exists, it is difficult to find fault with Plaintiff's actions. When requested by FPE, the Plaintiff made arrangements with defendant for a prompt visit by FPE's expert to the site. The visit occurred, and there were no restrictions. Sometime later, the Plaintiff caused the demolition of the Capriola home. It was after the delivery of the Plaintiff's expert report that Defendant indicated it wanted to test the thermostat which, by then, had been destroyed. There were no attempts to test the thermostat by FPE before it was destroyed, and it was present during the visit to the site by FPE's expert. It does not make sense to require the scene be kept in tact until a party's expert takes time to exhaust all theories and those in response to the other party's expert. A fair chance to investigate the scene or product is what is required. Moreover, Plaintiff had no reason to believe that it should have preserved the scene or the thermostat. *See Baliotis,* 870 F.Supp. at 1292.

On the basis of the record before me, I find no fault on the part of Plaintiff.

### B. Prejudice

Given the opportunity FPE had to inspect the product and the Capriola home promptly, I find it difficult to determine there was prejudice. The purpose of the inspection was to determine the cause and origin of the fire. A later desire to inspect (after destruction) to combat the other party's cause and origin determination is not prejudiced in the sense of the *Schmid* analysis.



On this record, I find no prejudice.

I conclude that FPE is not entitled to dismissal of the case under the *Schmid* regime.

## CONCLUSION

The motion for summary judgment will be denied for the foregoing reasons.

An appropriate Order follows.

<u>November 15, 2005</u>                                  <u>/s/ A. Richard Caputo          </u>
Date                                                             A. Richard Caputo
                                                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, a/s/o GEORGE & GRACE CAPRIOLA,<br><br>Plaintiffs<br><br>v.<br><br>FEDERAL PACIFIC ELECTRIC COMPANY and RELIANCE COMPANY,<br><br>Defendants. | NO. 3:04-CV-0578<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 15th day of November, 2005, IT IS HEREBY ORDERED that Defendants', Federal Pacific Electric Company and Reliance Electric Company, Motion for Summary Judgment (Doc. 18) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge